IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                        No. 4:20-cr-40003

JAIME VEGA                                                                            DEFENDANT

## ORDER

Before the Court is Defendant Jaime Vega's Motion for Leave for Out of Time Notice of Appeal. ECF No. 39. The government has not responded, and the time for doing so has passed. Accordingly, the matter is ripe for the Court's consideration.

Defendant pled guilty to one count of reentry of removed aliens, in violation of 8 U.S.C. § 1326(a), (b)(2). The Court held a sentencing hearing on February 4, 2022. At that time, the Court sentenced Defendant to forty-six (46) months imprisonment with credit for time served in federal custody. ECF No. 37.

Defendant, who appears *pro se*, describes the instant motion as an "out-of-time notice of appeal NOA pursuant to [28 U.S.C.] § 2255 based on CJA counsel's deficiency in submitting the requested appeal on a timely manner upon oral, written request and follow up immediate family insistence." ECF No. 39, at 1. Defendant then argues that his trial counsel was ineffective and asks this Court to "sua sponte reconsider" the length of his sentence. *See, e.g.*, ECF No. 39, at 2 (arguing that "pursuant to this § 2255 the court may sua sponte reconsider and award full or partial jail credits for both, time spent in state custody and lengthy period awaiting federal sentence that affected his state parole date").

"Section 2255 has '[a] 1-year period of limitation' upon which a federal prisoner must file a motion seeking relief from their conviction or sentence." *Vanduker v. United States*, No.

4:21-cv-00114, 2022 WL 227120, at *1 (D. Utah Jan. 26, 2022) (quoting 28 U.S.C. § 2255). This limitation period runs from either "the date on which the judgement of conviction becomes final," "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed," "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," whichever is later. 28 U.S.C. § 2255. The one-year period may be tolled in limited circumstances. *See, e.g.*, *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) ("The one-year statute of limitation may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" and prevented timely filing.'" (alteration in original) (citation omitted)).

Defendant does not argue that any governmental action in violation to the Constitution or law of the United States prevented him from filing a timely § 2255 motion, nor does Defendant argue that his claim is based on a newly recognized right or newly discovered fact. *See* 28 U.S.C. § 2255. Accordingly, Defendant's motion was due on or before February 7, 2023, one year after judgment in this matter became final. Further, Defendant does not argue that he "has been pursuing his rights diligently" and "that some extraordinary circumstances stood in his way," or otherwise that the one-year period should be equitably tolled. *See Muhammad*, 735 F.3d at 815. Instead, Defendant simply admits that his motion is untimely but presents his substantive arguments for the Court's consideration. *See, e.g.*, ECF No. 39, at 3 ("To avoid a [sic] exorbitant criminal appeal (due) movant simply seeks this court's magnanimity and to sua sponte reconsider, based on material facts and circumstances, that federal laws authorize accommodation of both, state and

3

federal sentences to avoid unreasonableness in sentencing."). Therefore, based on the untimeliness of Defendant's request for relief, the Court finds that Defendant's instant motion (ECF No. 39) should be and hereby is **DENIED**.

      **IT IS SO ORDERED**, this 27th day of June, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge
